UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-22-GWU

DELVIN SLONE, PLAINTIFF,

VS.    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,    DEFENDANT.

Currently before the court is the plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 20 U.S.C. § 2412(d). The defendant does not claim that his position was "substantially justified" or that any special circumstances make an award unjust. He does contend that the plaintiff's requested hourly rate of $150.00 is excessive, and that the statute does not allow the fee to be paid directly to plaintiff's counsel, as requested, in the absence of a written assignment executed by the plaintiff. While admitting that this position represents a change from past practice, the defendant points to the wording of § 2412, which refers to fees and other expenses being awarded "to a prevailing party." 20 U.S.C. §§ 2412(d)(1), 2412(d)(2)(a).

On the first issue, the plaintiff is correct that there have been several awards of $125.00 per hour by the undersigned on the former Pikeville Division docket, and the defendant has raised no objection to the request. Adams v. Commissioner, Pikeville Civil Action No. 05-86 (April 5, 2006); Bates v. Commissioner, Pikeville Civil

1

07-22  Delvin Slone

Action No. 05-223 (August 31, 2006); Rose v. Commissioner, Pikeville Civil Action No. 05-254 (December. 15, 2006).  It would be anomalous to decline to award $125.00 per hour in 2008 if the defendant had no objection to doing so in 2006.  Moreover, the former Pikeville and London divisions are both now part of the Southern Division of the Eastern District of Kentucky and there appears to be little reason to maintain the view that they are significantly different legal markets.

The court agrees with the defendant that counsel for the plaintiff has not shown that the prevailing market rate in the Southern Division is as high as the $150.00 requested.  Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984); Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988).  Without evidence that $150.00 has actually been billed and paid in similar lawsuits, such a fee increase cannot be approved.

On the second issue, in light of a recent ruling by Chief Judge Jennifer B. Coffman, in Powell v. Astrue, London Civil Action No. 07-93-JBC (E.D. Ky. June 2, 2008), the undersigned believes that the weight of recent authority supports the Commissioner's position.  Citing opinions from the Tenth and Eleventh Circuits, Judge Coffman noted that "the clear language of the statute requires attorney's fees to be awarded to the plaintiff as the 'prevailing party,' rather than to the plaintiff's attorney."  Slip op. at 3.  See Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir.

07-22  Delvin Slone

2008); Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008).  Although these cases are not binding precedent in this court, they are highly persuasive.[1]

Counsel for the plaintiff argues that language in the unpublished Sixth Circuit case of King v. Commissioner of Social Security, 230 Fed.Appx. 476, 2007 WL 930275 (6th Cir. 2007), supports her position.  As counsel notes, the Sixth Circuit commented that "attorney's fees awarded under EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep."  However, this language is not central to the holding in King.  The case concerned a District Court order denying a motion for attorney's fees under EAJA because it had been brought on behalf of the plaintiff's counsel alone, rather than on the claimant's behalf.  The Sixth Circuit reversed because the pleadings as a whole established that the attorney was seeking fees on behalf of his client.  Therefore, King does not squarely address the issue in this case.[2]  Accordingly,

---

[1] The undersigned notes that as a practical matter, in the majority of attorney fee petitions which have become ripe since the Commissioner asserted his new stance in August, 2007, attorneys have been able to obtain written fee assignments from their clients, even though the cases had already been won.  There does not appear to be any reason to expect, therefore, that attorneys cannot obtain assignments as a matter of course when initially retained, and, since counsel can then expect to be awarded fees routinely, there should not be any impact on the ability of a claimant to obtain representation.

[2] The Sixth Circuit does not consider unpublished opinions to be binding authority, although they can be persuasive authority.  Harper v. Autoalliance International, 392 F.3d 195, 205 n. 3 (6th Cir. 2004) (citations omitted).

07-22  Delvin Slone

IT IS HEREBY ORDERED that:

(1) the plaintiff's Motion for Attorney Fees is GRANTED IN PART and DENIED IN PART; and

(2) the plaintiff is awarded attorney's fees in the amount of $5,075.00 (40.6 hours x $125.00 per hour).

This the 30th day of July, 2008.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**